IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Colleen K. B., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 21-cv-50238 |
| v. ) | |
| ) | Magistrate Judge Margaret J. Schneider |
| Carolyn W. Colvin, [1] ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Colleen K.B., seeks review of the final decision of the Commissioner of the Social Security Administration denying her disability benefits. The parties have filed cross motions for summary judgment [15], [18]. For the reasons set forth below, Plaintiff's motion for summary judgment [15] is granted and the Commissioner's motion for summary judgment [18], is denied. This matter is remanded to the Commissioner for further proceedings consistent with this order.

## BACKGROUND

A.   Procedural History

On March 12, 2019, Colleen K.B. ("Plaintiff") protectively filed for disability and disability insurance benefits. R. 13. This application alleged a disability beginning on January 14, 2019. *Id.* The Social Security Administration ("Commissioner") denied her application on July 19, 2019, and upon reconsideration on December 16, 2019. *Id*. Plaintiff filed a written request for a hearing on January 20, 2020. *Id.* On November 10, 2020, a hearing was held by Administrative Law Judge ("ALJ") Mary D. Morrow where Colleen K.B. appeared and testified. Plaintiff was represented by counsel. *Id.* At the hearing, vocational expert ("VE") Charlotta J. Ewers also appeared and testified. *Id*.

On December 18, 2020, the ALJ issued her written opinion denying Plaintiff's claims for disability insurance benefits. R. 13-21. Plaintiff appealed the decision to the Appeals Council, and the Appeals Council denied Plaintiff's request for review. R. 1-6. Plaintiff now seeks judicial review of the ALJ's decision, which stands as the final decision of the Commissioner. *See* 42 U.S.C. § 405(g); *Schmidt v. Astrue*, 496 F.3d 833, 841 (7th Cir. 2007). The parties have consented to the jurisdiction of this Court. *See* 28 U.S.C. § 636(c); [5]. Now before the Court are Plaintiff's motion for summary judgment [15], and the Commissioner's cross-motion for summary judgment

---

[1] Martin O'Malley resigned as Commissioner of the Social Security Administration on November 29, 2024, and Carolyn W. Colvin has taken over as Acting Commissioner. Carolyn W. Colvin is substituted for Martin O'Malley pursuant to Federal Rule of Civil Procedure 25(d).

and response to Plaintiff's motion for summary judgment [18]. Plaintiff has also filed a reply brief [21].

### B. The ALJ's Decision

In her ruling, the ALJ followed the statutorily required five-step analysis to determine whether Plaintiff was disabled under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). At step one of the five-step analysis, the ALJ found that Plaintiff had not been engaging in substantial gainful activity since the application date of March 12, 2019. R. 15. At step two, the ALJ found that Plaintiff had the following severe impairments: fibromyalgia, mild degenerative disc disease of the lumbar and cervical spine with peripheral neuropathy and spondylarthritis, and Raynaud's syndrome. *Id*. The ALJ found that these impairments significantly limited Plaintiff's ability to perform basic work activities. *Id*. At step three, the ALJ found that Plaintiff did not have an impairment or combination or impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. R. 16.

Before step four, the ALJ found that Plaintiff had a residual functional capacity ("RFC") to perform sedentary work with the following limitations: Plaintiff can frequently climb ramps and stairs; never climb ladders, ropes or scaffolds; frequently balance stoop, kneel, and crouch; and occasionally crawl. Plaintiff can never be exposed to hazards such as moving machinery and unprotected heights; and never be exposed to concentrated levels of fumes, odors, dusts, gases, poor ventilation and other pulmonary irritants. R. 16. At step four, the ALJ found that Plaintiff had no past relevant work. R. 19. Finally, at step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, including bench assembler, charge accountant clerk, and electronics assembler. R. 20. Therefore, the ALJ concluded that Plaintiff was not disabled under the Social Security Act since March 12, 2019, the date the application was filed. R. 21.

## STANDARD OF REVIEW

The reviewing court evaluates the ALJ's determination to establish whether it is supported by "substantial evidence," meaning "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Moore v. Colvin, 743 F.3d 1118, 1120-21 (7th Cir. 2014) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). While substantial evidence is "more than a mere scintilla, . . . the threshold for such evidentiary sufficiency is not high." Biestek v. Berryhill, 587 U.S. 97, 103 (2019) (internal quotation marks and citation omitted). The substantial evidence standard is satisfied when the ALJ provides "an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." Warnell v. O'Malley, 97 F.4th 1050, 1052 (7th Cir. 2024) (internal quotation marks and citation omitted). An ALJ "need not specifically address every piece of evidence but must provide a logical bridge between the evidence and [the] conclusions." Bakke v. Kijakazi, 62 F.4th 1061, 1066 (7th Cir. 2023) (internal quotation marks and citation omitted); see also Warnell, 97 F.4th at 1054.

The court will only reverse the decision of the ALJ "if the record compels a contrary

result." Gedatus v. Saul, 994 F.3d 893, 900 (7th Cir. 2021) (internal quotation marks and citation omitted). The court is obligated to "review the entire record, but [the court does] not replace the ALJ's judgment with [its] own by reconsidering facts, reweighing or resolving conflicts in the evidence, or deciding questions of credibility. . . . [The court's] review is limited also to the ALJ's rationales; [the court does] not uphold an ALJ's decision by giving it different ground to stand upon." Jeske v. Saul, 955 F.3d 583, 587 (7th Cir. 2020).

## DISCUSSION

Plaintiff argues, among other things, that the ALJ's finding of a sedentary RFC with no limitations as to her ability to reach, handle, and finger bilaterally, did not meet the relevant legal standards and was not based on substantial evidence. Specifically, Plaintiff argues the ALJ improperly dismissed the opinion of Plaintiff's treating physician. The Court agrees; therefore, this matter is remanded for further proceedings. The Court need not address Plaintiff's other arguments for remand.

As to the relevant legal standard to determine whether Plaintiff could handle and finger bilaterally, the Social Security Administration notes that "[m]ost unskilled sedentary jobs require good use of the hands and fingers for repetitive hand-finger actions." S.S.R. 83-10. Here, the ALJ relied on the VE for the conclusion that Plaintiff could perform the jobs of bench assembler, charge account clerk, and electronics assembler. According to the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles (the publication relied on by the SSA to define exertion requirements of particular jobs), the job of bench assembler and the job of electronics assembler require "frequent" fingering. The SSA defines "frequent" as occurring from one-third to two-thirds of the time – approximately six hours of an eight-hour workday. S.S.R. 83-10. The job of account clerk requires "occasional" fingering – defined as up to two-hours in an eight-hour workday. *Id*. The ALJ is obligated to find that Plaintiff's limitations are consistent with the VE's findings and selected jobs. In order to make these findings, the ALJ must draw conclusions based on the medical record.

Plaintiff filed her case after March 17, 2017, and as a result the ALJ "[w]ill not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)." *Patrice W. v. Kijakazi*, No. 20 C 02847, 2022 WL 2463557, at *3 (N.D. Ill. July 6, 2022) (citing 20 C.F.R. § 404.1520c(a)) (internal quotations omitted). Instead, the ALJ is advised to consider a variety of factors in evaluating medical opinions and must "[e]xplain how [she] considered the supportability and consistency factors" in particular. *See* 20 C.F.R. § 404.1520c(b)(2); *Bakke v. Kijakazi*, 62 F.4th 1061, 1067-68 (7th Cir. 2023) (affirming that under § 404.1520c(b)(2), an ALJ must consider supportability and consistency of medical opinions). "Supportability measures how much the objective medical evidence and supporting explanations presented by a medical source support the opinion." *Michelle D. v. Kijakazi*, No. 21 C 1561, 2022 WL 972280, at *4 (N.D. Ill. March 31, 2022) (citing 20 C.F.R. §404.1520c(c)(1)). "Consistency assesses how a medical opinion squares with other evidence in the record." *Id*. (citing 20 C.F.R. § 404.1520c(c)(2)).

On December 3, 2020, Dr. Michael J. McFadden, Plaintiff's treating physician, completed a Physical Residual Functional Capacity Questionnaire on behalf of Plaintiff. R. 532-36. Relevant

3

to the issue at hand, Dr. McFadden noted that Plaintiff had significant limitations with respect to reaching, handling, or fingering. R. 535. Dr. McFadden indicated that Plaintiff could use her hands to grasp, turn, or twist objects 10% of the time during an eight-hour workday; could use her fingers for fine manipulations 10% of the time during an eight-hour workday; and could use her arms to reach not at all during an eight-hour workday. *Id*. In her decision, the ALJ summarized Dr. McFadden's opinions, including: "[Plaintiff] could perform fine and gross manipulation with the hands and fingers bilaterally 10% of the workday; and could never reach." The decision then states:

> These opinions are generally inconsistent with and unsupported by the record as a whole, including the imaging studies and examinations. While imaging studies did show some positive findings, such as degenerative disc disease and osteophytes, there was no evidence for decreased strength or reflexes, with examinations noted above showing normal strength, with grip strength at 4/5, described as 'fair' and 'good' at examination (*See* Ex. 12F/7; 4F; 3F/24). There was no recommendation for leg elevation by any provider at visits throughout the record, and while some joint swelling was noted, there were no observations of generalized edema. The record as a whole does not support the extent of limitations opined by Dr. McFadden. Accordingly, these opinions are found less persuasive.

R. 18-19. This is the full extent of the ALJ's analysis and consideration of Plaintiff's treating physician opinion.

While an ALJ is not obligated to give any medical opinion any specific weight, she is obligated to "articulate in [her] determination or decision how persuasive [she] find[s] all of the medical opinions and all of the prior administrative medical findings in [plaintiff's] case record." 20 C.F.R. § 404.1520c(b). Further, "[a]n ALJ has the obligation to consider all relevant medical evidence." *Dorian W. v. Kijakazi*, No. 20-cv-50322, 2023 WL 6311697, at *5 (N.D. Ill. Sept. 28, 2023). The ALJ considers the factors of "supportability" and "consistency" "when determining how persuasive [she] find[s] a medical source's medical opinions or prior administrative medical findings to be. Therefore, [she] will explain how [she] considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in [plaintiff's] determination or decision." 20 C.F.R. § 404.1520c(b)(2). The ALJ is further obligated to consider the relationship, length of treatment, frequency of visits, purpose of treatment, extent of specialist treatment, and nature of the examining relationship between the claimant and the medical source. 20 C.F.R. § 404.1520c(c).

Here, the ALJ appears to base her finding that the medical record did not support the limitations articulated by Dr. McFadden on the medical note referenced by the ALJ that Plaintiff had "fair" to "good" grip strength at 4/5. Somewhat confusingly, the ALJ also stated that while Plaintiff exhibited some joint swelling "there were no observations of generalized edema." If the ALJ is referring to Plaintiff's upper extremities, it is unclear how the ALJ drew a conclusion that "generalized edema," which refers to fluid accumulation that affects the whole body,[2] would be required over "some joint swelling" to discount Dr. McFadden's medical opinion that Plaintiff

---

[2] https://www.news-medical.net/health/Generalized-Edema.aspx. Last viewed 12/09/2024.

4

could only handle or finger 10% of an eight-hour workday. Moreover, an ALJ may not "succumb to the temptation to play doctor and make their own independent medical findings." *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996).

Despite Plaintiff's handling and fingering limitations, as opined to by Dr. McFadden, Plaintiff's treating physician, these limitations were not included in the RFC crafted by the ALJ. Because these limitations were not included in the RFC, the direction provided to the VE allowed the VE to include jobs available in the national economy - bench assembler, charge account clerk, and electronics assembler – that require handling and fingering at a level higher than Dr. McFadden believed Plaintiff could perform. The ALJ's failure to provide an adequate explanation of the supportability and consistency factors as to Dr. McFadden's medical opinions, leaves the Court without enough information to assess the validity of her findings. Therefore, the Court finds that the ALJ failed to properly evaluate Dr. McFadden's opinion.

"While the Court acknowledges that ALJs generally need only 'minimally articulate' their reasoning in assessing medical opinions, the Court holds that the ALJ failed to meet even this standard, because [she] failed to explain how [she] considered the consistency and supportability of the opinion, and thus failed to build a 'logical bridge' from the evidence to [her] conclusion." *Vall B. v. Kijakazi*, Case No. 1:19-cv-07759, 2022 WL 4551888, at *10 (N.D. Ill. Sept. 29, 2022). The case is remanded for further consideration of this issue. The Court does not address the other issues raised by Plaintiff but encourages the parties to fully address these issues on remand.

## CONCLUSION

For the reasons stated above, Plaintiff's motion for summary judgment [15] is granted and the Commissioner's motion for summary judgment [18], is denied. This matter is remanded to the Commissioner for further proceedings consistent with this order.

Date: December 9, 2024                    ENTER:

*Margaret J. Schneider*
United States Magistrate Judge